# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RAYMOND DOUGLAS MYERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 2:11-cv-00045 |
| v. ) | |
| ) | Judge Sharp |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent ) | |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, (Docket No. 64), recommending that Petitioner's petition for writ of habeas corpus be denied and that this action be dismissed with prejudice. Further, the Magistrate Judge recommends that a certificate of appealability only issue as to the questions of (1) whether Myers was effectively abandoned by his post-conviction attorneys, so as to establish cause under Maples v. Thomas, 565 U.S. 266 (2012) for his procedurally defaulted ineffective assistance of counsel claims; and (2) whether Martinez v. Ryan, 566 U.S. 1 (2012) should be interpreted to apply to the facts of the Petitioner's case as it pertains to Claims 8-20.

Petitioner has filed objections to the R & R. (Docket No. 67). Having undertaken de novo review of the matter in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds that the R & R is correct and properly applies the governing law.

In deciding to approve the R & R, the Court has considered the five objections raised by Petitioner. First, Petitioner argues that the Sixth Circuit's law regarding the sufficiency of circumstantial evidence on appeal is at odds with the law in other circuits. (Docket No. 67 at 1.) The Court agrees that Sixth Circuit law allows courts of appeal to uphold the conviction based on

1

circumstantial evidence because "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." United States v. Kelley, 461 F.3d 817, 825 (6th Cir. 2006). The Court also agrees that many other circuits only allow courts of appeal to uphold convictions based on circumstantial evidence if that evidence "exclude[s] every reasonable hypothesis except that of guilt." United States v. Fenwick, 177 F.2d 488 (7th Cir. 1949). See also United States v. Laffman, 152 F.2d 392 (3d Cir. 1945); Whaley v. United States, 362 F.2d 938 (9th Cir. 1966). However, the Sixth Circuit has routinely restated its ruling in Kelley that the circumstantial evidence need not exclude every reasonable hypothesis except for guilt. See generally United States v. Lowe, 795 F.3d 519, 522–23 (6th Cir. 2015); United States v. Larch, 399 F. App'x 50, 53 (6th Cir. 2010); United States v. Algee, 599 F.3d 506, 512 (6th Cir. 2010); United States v. Funzie, 543 F. App'x 545, 548 (6th Cir. 2013). This Court must follow Sixth Circuit precedent, which does not require the foreclosing of all other reasonable hypotheses. The Court agrees with the Magistrate Judge that Petitioner is not entitled to relief on this claim.

Petitioner's second objection relates to claims 3, 6, and 7. (Docket No. 67 at 3.) Specifically, Petitioner objects to the Magistrate Judge's finding that trial counsel was not ineffective in failing to call Bonner, Coppinger, and McInnis as witnesses. In making this finding, the Magistrate Judge reviewed the judgment of the post-conviction courts. The first post-conviction court concluded that "neither the testimony of Dan McInnis nor Coppinger, if presented at trial, would have caused a different verdict" and "Jimmy Bonner would not have been a credible witness during the petitioner's trial." (Docket No. 64 at 30.) Next, the Tennessee Court of Criminal Appeals held that "Petitioner has failed to show prejudice by trial counsel's failure to call these witnesses at trial." (Docket No. 64 at 31.) Petitioner's objection

2

argues that the jury, not the post-conviction courts, should have been able to assess the credibility of these witnesses. This argument fails because post-conviction courts routinely examine the credibility of witnesses that were not called in order to determine whether trial counsel was ineffective for failing to call them. This is part of the Strickland standard in determining whether calling these witnesses would have had any effect on the outcome of the trial. Strickland v. Washington, 466 U.S. 668 (1984). See also Pylant v. State, 263 S.W.3d 854, 869 (Tenn. 2008) ("When a petitioner presents at the post-conviction hearing a witness he claims should have been called at trial, the post-conviction court must determine whether the testimony would have been (1) admissible at trial and (2) material to the defense. . . . [I]f the proffered testimony is both admissible and material, the post-conviction court must assess whether the witness is credible.").

Petitioner's third objection relates to the Magistrate Judge's finding that Petitioner was not "abandoned" by his counsel during the course of post-conviction proceedings. (Docket No. 67 at 4.) Petitioner argues that he was abandoned and this abandonment excuses his procedural default for claims 8-11 like the situation in Maples. The Court agrees with the Magistrate Judge that Petitioner's post-conviction counsel, although perhaps negligent, did not abandon Petitioner like the attorneys did to the defendant in Maples. Maples concerned attorneys who completely left the firm at which they were working without notifying the defendant. Maples, 565 U.S. at 270-71. No one informed the defendant about the attorneys' departure until almost a year later when his time for appeal had expired. Id. at 275-76. Here, Petitioner's counsel corresponded with Petitioner, but not to the Petitioner's satisfaction. Petitioner was represented by counsel at both of his state post-conviction proceedings. Unlike the defendant in Maples, who was unaware that he may need to perform *pro se* work to preserve his claims, Petitioner was on notice that his

3

attorneys may not be working to his satisfaction. As the Magistrate Judge noted, "[Petitioner] was not blocked from complying with any procedural rule by any factors external to him, but instead had the opportunity to fend for himself and did." (Docket No. 64 at 43) (internal quotations omitted). Consequently, Petitioner's situation is quite unlike Maples' situation, where Maples was never notified that his attorneys left the firm, no other attorney made any appearance on his behalf, and courthouse mail sent to him in prison was returned to the court as undeliverable. Petitioner's claim for relief on abandonment is therefore denied.

Petitioner's fourth objection states that claims 12-20 are not <u>Brady</u> violation claims, but actually ineffective assistance of trial counsel ("IATC") claims due to trial counsel's failure to raise <u>Brady</u> violations. (Docket No. 67 at 7.) Petitioner argues that his post-conviction attorneys were ineffective when they failed to bring these claims regarding the ineffectiveness of trial counsel for failing to recognize and raise <u>Brady</u> violations that occurred at trial and that the procedural default caused by his post-conviction attorneys is excused by <u>Martinez</u>. However, the Court agrees with the Magistrate Judge that claims 12-20 are procedurally defaulted and Petitioner has not shown cause to excuse the procedural default. Cause does not exist for claims 12-17 and 20 because <u>Martinez</u> "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings[.]" Claims 12-17 and 20 were raised on Petitioner's initial post-conviction review. Counsel for Petitioner's subsequent failure to raise these claims on appeal from initial review therefore does not constitute cause under <u>Martinez</u>.

Cause also does not exist for claims 18 and 19. Petitioner characterizes these <u>Brady</u> violations as IATC claims. Essentially, Petitioner is claiming that his post-conviction attorneys were ineffective because they failed to preserve the IATC claims that resulted from trial counsel's failure to recognize <u>Brady</u> violations at Petitioner's trial. Petitioner claims that his

4

post-conviction attorneys' failure is cause to excuse his procedural default on the IATC claims under Martinez. Claims 18 and 19 do fall under Martinez because they were not raised in Petitioner's petition for post-conviction relief, and they have never been heard by any state court. (Docket No. 64 at 45).

As the Sixth Circuit has stated:

> [T]o raise a claim for ineffective-assistance-of-trial-counsel in habeas proceedings under the exceptions set forth in *Martinez/Trevino*, a petitioner must allege that (1) trial counsel was ineffective; (2) counsel in the initial-review-collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* . . . (3) the claim of ineffective-assistance-of-trial-counsel was procedurally defaulted; and (4) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit—*not* that the prisoner will ultimately prevail on his claim.

Abdur'Rahman v. Carpenter, 805 F.3d 710, 721 (6th Cir. 2015).

Petitioner does not meet the Martinez standard because Petitioner has not shown that the underlying IATC claim is substantial nor that it has any merit. For Petitioner to meet this burden, he must essentially show that there is at least some merit to the alleged Brady violations. The failure of trial counsel to raise a meritless Brady allegation is not a substantial IATC claim. See Jones v. Bagley, 696 F.3d 475, 488 (6th Cir. 2012) ("[S]ince [Petitioner] was not prejudiced by any of his asserted Brady violations, he would not have been able to establish ineffective assistance of counsel under Strickland.").

Petitioner's *pro se* brief is unclear on the timeline of when this allegedly suppressed information was finally received by Petitioner, but Petitioner does suggest that it was after all state court hearings. (Docket No 31 at 17.) Assuming, arguendo, that these Brady violations have merit, they still fail to establish that the IATC claims have any merit. If the prosecution failed to provide certain documents to Petitioner until after all state court proceedings, there is no way trial counsel could have known that this information existed in order to spot the Brady

5

violation.  Consequently, Petitioner cannot meet even the first prong of Strickland—showing that trial counsel was so deficient he failed to perform his basic functions under the Sixth Amendment.  Because these IATC claims are not substantial, Martinez does not provide cause for overcoming their procedural default.

Petitioner's fifth objection objects to the Magistrate Judge's conclusion that free standing claims of actual innocence are not cognizable under habeas review.  (Docket No. 67 at 7.)  The actual innocence claim must be premised on an underlying constitutional violation.  Petitioner argues that although the Magistrate Judge is correct that "the Supreme Court has never ruled that a freestanding actual innocence claim is cognizable in a non-capital case," the reasoning behind allowing these freestanding claims in capital cases applies equally to non-capital cases.  (Docket No. 67 at 7-8.)  This Court agrees with the Magistrate Judge.  The Supreme Court has never ruled that freestanding actual innocence claims are cognizable in non-capital cases absent an underlying constitutional violation and neither will this Court.  See Herrera v. Collins, 506 U.S. 390 (1993).  A finding to this effect would also run afoul of Herrera's explicit language that "[f]ew rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence."  Id. at 401.

Petitioner's sixth objection argues that Martinez should be extended to situations where the first meaningful opportunity to raise an IATC claim is on appeal from the initial collateral proceeding.  (Docket No. 67 at 10-11.)  Petitioner's brief fails to explain why appeal from the initial collateral proceedings was his first meaningful opportunity to raise the IATC claims and also which of Petitioner's many IATC claims this objection refers to.  If this objection refers to the IATC claims that Petitioner failed to raise in his initial post-conviction petition, they have already been discussed above; Petitioner cannot establish that the underlying IATC claims are

substantial. If the objection is referring to the IATC claims that he did bring in his initial collateral review but post-conviction counsel failed to appeal, this objection still fails. The purpose of Martinez is to protect against situations where IATC claims would not be heard by any court. Martinez, 566 U.S. at 12 ("A prisoner's inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel. The right to the effective assistance of counsel at trial is a bedrock principle in our justice system."). The purpose is not to require appellate review of Petitioner's claims. The Supreme Court stated:

> if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceedings, no court will review the prisoner's claims. The same is not true when counsel errs in other kinds of postconviction proceedings. While counsel's errors in these proceedings preclude any further view of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding.

Martinez, 566 U.S. at 10-11.

In Petitioner's case, the IATC claims that Petitioner brought on initial review but failed to appeal were "addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court on an initial-review collateral proceeding." Id. at 11. The trial court in an initial review collateral proceeding heard these claims. The reasoning in Martinez thus does not extend to them on appellate review.

Petitioner's final objection argues that "Tennessee's rules make it impossible for Petitioner to be adequately represented by counsel" in "non-capital post-conviction and habeas corpus proceedings" due to the underfunding of state appointed counsel. (Docket No. 67 at 12.) The Court is sympathetic to the systematic underfunding of both private appointed counsel and public defenders; however, "[i]t is well-established that a petitioner does not have a constitutional right to the effective assistance of post-conviction counsel." Freels v. State, No.

7

E201600021CCAR3PC, 2016 WL 3866536, at *3 (Tenn. Crim. App. July 12, 2016), appeal denied (Oct. 19, 2016). See also Stojetz v. Ishee, 389 F. Supp. 2d 858, 895 (S.D. Ohio 2005); Pimentel v. State, No. M2011-01309-CCA-R3PC, 2013 WL 4505402, at *3 (Tenn. Crim. App. Aug. 21, 2013) ("In Tennessee, petitioners are not entitled to obtain relief for ineffective assistance of counsel during post-conviction proceedings."); In re Carrington H., 483 S.W.3d 507, 529–30 (Tenn.), cert. denied sub nom. Vanessa G. v. Tennessee Dep't of Children's Servs., 137 S. Ct. 44 (2016). Martinez carved out an equitable exception to this general rule by saying that ineffective counsel in some post-conviction proceedings may provide cause under the cause and prejudice analysis in procedural default situations. Martinez very explicitly did not create a constitutional requirement of effective assistance of counsel in post-conviction proceedings:

> This is but one of the differences between a constitutional ruling and the equitable ruling of this case. A constitutional ruling would provide defendants a freestanding constitutional claim to raise; it would require the appointment of counsel in initial-review collateral proceedings; it would impose the same system of appointing counsel in every State; and it would require a reversal in all state collateral cases on direct review from state courts if the States' system of appointing counsel did not conform to the constitutional rule. An equitable ruling, by contrast, permits States a variety of systems for appointing counsel in initial-review collateral proceedings. And it permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings. In addition, state collateral cases on direct review from state courts are unaffected by the ruling in this case.

Martinez, 566 U.S. at 16 (2012).

The Court has already conducted a cause analysis above. The underfunding of court appointed post-conviction counsel is not an argument upon which relief for the Petitioner can be granted.

Accordingly, the Court hereby rules as follows:

(1) The R & R, (Docket No. 64), is ACCEPTED and APPROVED; and

(2) Petitioner's claims are DENIED;

(3) Certificates of Appealability are ISSUED as to claims 8-20, specifically whether Myers was effectively abandoned by his post-conviction attorneys in order to establish cause under <u>Maples</u> for his procedurally defaulted claims and as to whether <u>Martinez</u> should be interpreted to apply to the facts of Petitioner's case as it pertains to claims 8-20.

(4) Petitioner's Petition for Writ of Habeas Corpus, (Docket No. 1), is DISMISSED.

The Clerk of the Court shall enter a final judgment in accordance with Rule 72 of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE